## KINDER v NELSON
## KINDER v HILL

Ohio Appeals, 7th Dist, Mahoning Co
Decided Nov 21, 1930

W. O. R. Johnson, Youngstown, for Kinder.

McKain & Ohl, Youngstown, for Nelson.

FARR, J.

It is contended in behalf of plaintiffs that the proceeds did not pass by the certificates in question, in view of the fact, so it is said, that the decedent had retained ownership and control over them up to the time of her death. In behalf of the defendants it is claimed that the proceeds did pass, and three theroies are advanced to sustain that view. The first is the theory of a gift; the second, the trust theory, and the third, the contract theory; that is, a contract for the benefit of a third person. The first two theories are very closely associated and may be disposed of together. It is claimed that authority for this view is found in the case of **Trust Company v. Scobie, Admr., 114 Oh St 341,** and in **O'Brian, Admr. v. O'Brian, et al., 112 Oh St, 202,** and in **In re Estate of Hutchinson, 120 Oh St 542.** However, an examination of these cases leads to the conclusion that they are not upon the precise point at issue here, as each case reflects a different situation as to facts. As to the gift and trust theory the case of **Worthington, Admr. v. Redkey, Exr., et al., 86 Oh St 128,** is upon the point and is controlling in the instant case. The syllabus reads as follows:

"Where property is claimed as a gift by way of a trust which is not testamentary, it devolves upon the donees to prove an express and certain trust for their benefit, either assumed by the donor himself or imposed upon a third person, and in the latter case that the property or· the legal title thereto passed beyond the dominion or control of the donor in his lifetime, to the donees or to the person designated as a trustee for them."

From the foregoing it will be observed that a completed gift involves the abandonment of ownership and control over the property in question, and the same principle applies in cast of a trust, therefore the above case is in point with the case at bar, and the reasoning is good, because a gift is never completed until the ownership and control has been transferred. The claim of a contract for the benefit of a third person does not appeal in the present case as being the principle to be applied. Therefore the inquiry is pertinent as to whether or not the decedent retained ownership and control over these certificates of deposit until her death. Beginning at the first, it may be observed that she withdrew her money from the Savings and Loan Company, taking it to Kidston; she deposited the amount in full in a certificate of deposit and in her own name. Later she requested a division of the amount into two equal parts, and providing, as set out in the above certificates of deposit. In the interim she had assumed and kept control and dominion over this property. That is unmistakably shown in the fact that she drew and applied the accruing interest to her own use; that at the last renewals she even appropriated to her own use a part of the amount of each certificate, reducing the same to $3500.00 each, and appropriating the interest to her own use. The certificates were found in her deposit box in the bank after her death. It is true that there is some testimony to the effect that the stamp as to the joint ownership was forgotten at the last renewal of the certificates, but be this as it may, the decedent retained in her own custody, under her own control the certificates in question, making a situation entirely different from that in the case of Scobie v. Parker, et al, or in any of the above cited cases. She could have gone to the bank at any time she wished and withdrawn every cent represented by the certificates of deposit. Had she intended a trust or a gift, why the above item four in her will?

Therefore, the conclusion is that the issues here being controlled by the above case of Worthington, Admr., v. Redkey, Exr., that it was not a completed gift so far as the decedent was concerned, and that a trust for the same reason may not now be impressed upon these funds, and having reached that conclusion it follows that the judgment and finding must be in favor of

the Estate of Mary E. McCurdy, Deceased. Pollock and Roberts, JJ, concur.